**SUMMONS ISSUED**

# CV 13 3479

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YVETTE VANGORDEN,                    )        Case No. _____
                                     )
                    Plaintiff,       )   **FILED**
                                     )   IN CLERK'S OFFICE
                                     )   U.S. DISTRICT COURT E.D.N.Y.
         vs.                         )   ★   **JUN 19 2013**   **COMPLAINT**
                                     )
THE LAW OFFICE OF KEVIN Z. SHINE,    )   **LONG ISLAND OFFICE**
PLLC and KEVIN Z. SHINE,             )
INDIVIDUALLY,                        )       **Jury Trial Demanded**
                                     )
                    Defendants.      )
_____      )

# FEUERSTEIN, J

### NATURE OF ACTION    WALL, M.J.

1.      Plaintiff Yvette Van Gorden ("Plaintiff") brings this action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), because the acts and transactions giving rise to Plaintiff's action occurred in this District, Plaintiff resides in this District, and where Defendants transact business in this District.

### PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Suffolk, and City of Selden.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, The Law Office of Kevin Z. Shine, PLLC ("LAW OFFICE") is an entity that at all relevant times was engaged, by use of the mails and telephone, in

*Complaint*
*Page 1 of 13*

the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     LAW OFFICE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Defendant, Kevin Z. Shine("KZS") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9.     Upon information and belief:

   a. KZS was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

   b. KZS was personally involved in the collection of Plaintiff's debt.

   c. KZS was materially involved in the collection of Plaintiff's debt.

   d. KZS materially participated in LAW OFFICE's debt collection activities.

   e. KZS was involved in the day-to-day operations of LAW OFFICE's debt collection business.

   f. SHINE exercised control over the affairs of LAW OFFICE's debt collection business.

10.     "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056,

1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTS

12.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13.     Plaintiff's obligation, or alleged obligation, owed or due, asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     In connection with the collection of an alleged debt in default ("the Debt"), before to July 27, 2011, GE Money Retail Bank placed Walmart account ending in 0003 with Sharinn & Lipshie, P.C. ("S&L") for collection purposes.

16.     In connection with the collection of the Debt, S&L sent Plaintiff initial written communication dated July 27, 2011, regarding the Debt. *See* 7-27-11 Dun Letter, attached as Exhibit A.

17.     Plaintiff, via her counsel, sent S&L written correspondence notifying S&L of Plaintiff's representation regarding the Debt. *See* correspondence, attached as Exhibit B.

18.     Some time before May 21, 2012, Plaintiff, via her counsel, agreed to a settlement in full with S&L on the Debt for seven hundred forty-six dollars and eleven cents ($746.11).

19.     On May 21, 2012, Plaintiff, via her counsel, sent S&L payment of seven hundred forty-six dollars and eleven cents ($746.11) as full and final settlement of the Debt.

20.     Despite the full and final settlement of the Debt, and in connection with the collection the Debt, Defendant The Law Office, itself and on behalf of KZS, sent Plaintiff written communication dated July 3, 2012, and in such communication, stated in relevant part:

> "YVETTE VANGORDEN
> 24 DAISY PL
> SELDEN, NY 11784-3126

| | |
|---|---|
| Creditor: | CACH, LLC |
| Creditor Account Number: | 120017973125 |
| Original Creditor: | GE MONEY RETAIL BANK |
| Original Creditor Account No.: | 6032201400060003 |
| Current Balance Due: | $1,065.87 |

> Dear Yvette Vangorden:

> Please be advised that this office has been retained by CACH, LLC. The above referenced account has been forwarded to our firm for collection. Please

contact this office as we would like to arrange for payment." *See* 7-3-12 Dunning Letter, attached hereto as Exhibit C.

21.  In its July 3, 2012 written communication, The Law Office falsely represented the amount of the Debt.

22.  Defendants' actions constitute conduct highly offensive to a reasonable person, and, as a result of Defendants' behavior, Plaintiff suffered, and continues to suffer, injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**DEFENDANT LAW OFFICE**

23.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22, above.

24.  The Law Office violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT KZS

25.     Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

26.     The Law Office violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

27.     KZS is personally liable for The Law Office's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of The Law Office's debt collection business, his responsibility for day-to-day supervision of The Law Office's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of The Law Office's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

*Complaint*
*Page 6 of 13*

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(5)
### DEFENDANT LAW OFFICE

28.    Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

29.    The Law Office violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(5)
### DEFENDANT KZS

30.    Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

31.     The Law Office violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

32.     KZS is personally liable for The Law Office's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of The Law Office's debt collection business, his responsibility for day-to-day supervision of The Law Office's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of The Law Office's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**DEFENDANT LAW OFFICE**

33. Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

34. The Law Office violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### VIOLATION OF 15 U.S.C. § 1692e(10)
### DEFENDANT KZS

35. Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

36. The Law Office violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt from Plaintiff, including, but not limited to: misrepresenting that there is an amount due on the Debt, when the Debt had previously been settled in full.

*Complaint*
*Page 9 of 13*

37.   KZS is personally liable for The Law Office's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of The Law Office's debt collection business, his responsibility for day-to-day supervision of The Law Office's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of The Law Office's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT LAW OFFICE

38.     Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

39.     The Law Office violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT KZS

40.     Plaintiff repeats and re-alleges each and every allegation contained contained in paragraphs 1 through 22, above.

41.     The Law Office violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with collection of the Debt,

*Complaint*
*Page 11 of 13*

including, but not limited to: attempting to collect a debt from Plaintiff that was previously settled in full.

42.     KZS is personally liable for The Law Office's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of The Law Office's debt collection business, his responsibility for day-to-day supervision of The Law Office's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of The Law Office's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

43.    Plaintiff is entitled to and hereby demands a trial by jury.

This ___ day of _____, 2013.


ATTORNEYS FOR PLAINTIFF
*Yvette Vangorden*

Respectfully submitted,


Jeanne Lahiff, Esq
NY Bar No. 2252435
***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com


***Please send correspondence to the address below:***

***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

Exhibit "A"

# SHARINN & LIPSHIE, P.C.
## ATTORNEYS AT LAW

**'THE OMNI'**

333 Earl Ovington Boulevard * Suite 302 * Uniondale, NY 11553

Outside of New York State 1-866-691-4467

516-873-6600 * FAX 516-873-6880

July 27, 2011

Yvette Vangorden
24 Daisy Pl
Selden NY 11784

RE-GE MONEY BANK /Wal-Mart
ACCOUNT NO:            0003
BALANCE DUE: $1,065.87

## VALIDATION NOTICE

DEAR Yvette Vangorden:

The amount shown above is owed to  GE MONEY BANK /Wal-Mart  .

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, we shall assume that this debt is valid. If you notify us in writing within 30 days after receipt of this notice that this debt, or any portion of this debt, is disputed, or that you request verification of this debt, including the name and address of the original creditor, we will obtain verification of the debt, or a copy of any judgment that has been entered against you, along with the name and address of the original creditor and mail the verification to you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I AM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If you reside outside of New York State, we cannot proceed with any legal action against you.

In the event that you acknowledge this debt, please forward payment to our office or contact your representative to discuss the resolution your account.

At this time, no attorney with this firm has personally reviewed the specific circumstances of your account.

Very Truly Yours
Sharinn & Lipshie P.C.BY:_____
ANY QUESTIONS PLEASE CALL (516) 873-6600 EXT.100
YOUR REPRESENTATIVE IS MR WARREN HARVEY
YOUR REFERENCE NUMBER IS: NWC07653

Exhibit "B"

# WEISBERG & MEYERS, LLC
## ATTORNEYS FOR CONSUMERS
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-888-595-9111

TEXAS OFFICE
TWO ALLEN CENTER
1200 SMITH STREET, 16TH FLOOR
HOUSTON, TX 77004

EXTENSION: 412
E-MAIL: DKURZ@ATTORNEYSFORCONSUMERS.COM

NEW YORK OFFICE
80 BROAD
5TH FLOOR
NEW YORK, NY 10004

WRITER LICENSED IN:
NEW YORK; TEXAS
GEORGIA, NEW JERSEY AND
WASHINGTON

August 9, 2011

Sharinn & Lipshie, P.C.
333 Earl Ovington Blvd.
Suite 302
Uniondale, NY 11553

RE:   Yvette & Kenneth VanGorden
      24 Daisy Pl.
      Selden NY 11784-3126
      Account #:            0003

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding the aforementioned account.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

The purpose of this letter is to begin a settlement dialogue. However, prior to recommending any settlement, we first need validation of the subject account, including a full accounting history (e.g., principal, interest, collection fees, payments made, etc.). Until this full accounting is provided, you are to consider this debt disputed and to govern yourself accordingly (for example, but not limitation, to cease collection efforts until the debt is validated and to update any credit reporting as such).

Although at this time our notice of representation pertains to negotiating a resolution of this alleged debt, our client has authorized us to review the collection activity of all creditors and collectors with whom he/she is dealing to determine if all relevant state and federal collection, credit reporting, credit billing and lending laws, fund transfer laws, and telephone calling laws have been complied with. This may include a review of our client's collection notes and logs, if any, phone recordings, if any, and

ARIZONA * COLORADO * FLORIDA * GEORGIA * NEW JERSEY * NEW MEXICO
NEW YORK * NORTH CAROLINA * OKLAHOMA * SOUTH CAROLINA * TENNESSEE * TEXAS * WASHINGTON

your collection file should this matter go to suit to collect the alleged debt. Should any violations be found to have occurred, you are advised this Office has been directed to prosecute any such claims to the fullest extent possible and to seek the maximum damages available under the law, including payment of our attorney fees pursuant to fee shifting provisions found under state and federal consumer protection laws such as the FDCPA, FCRA, FCBA, TILA, TCPA, EFTA, ECOA, CLA and/or other state law provisions.

Please provide the aforementioned accounting, along with your current settlement demand as soon as possible so we can determine if this account is appropriate for settlement. We hope this matter can be resolved amicably for our client's benefit, as well as yours.

Best regards,

Dennis R. Kurz
Attorney at Law

DRK/eb

Cc: Yvette & Kenneth VanGorden

Exhibit "C"

# The Law Office of
# Kevin Z. Shine, PLLC

**Kevin Z. Shine***
*Admitted in New York and Colorado

**Toll Free 1-888-201-6643**
**Local 716-204-4260**
**Fax 716-204-8995**

July 03, 2012


37083-03B/130017973125/11917/DM1P     2369
YVETTE VAN GORDEN
24 DAISY Pl.                                    29216
SELDEN, NY 11784-3126
                                        85

| Creditor: | CACH, LLC |
|---|---|
| Creditor Account Number.: | 3125 |
| Original Creditor: | GE MONEY RETAIL BANK |
| Original Creditor Account No.: | 0003 |
| Current Balance Due: | $1,065.87 |

Dear Yvette Vangorden:

Please be advised that this office has been retained by CACH, LLC. The above referenced account has been forwarded to our firm for collection. Please contact this office as we would like to arrange for payment.

### VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed valid by this office. Should you notify this office in writing at the address shown below within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you the verification of the debt or a copy of the judgment, if any. Also, upon your written request within the same thirty day period we will provide the name of the original creditor, if different from the current creditor.

As of the date on this letter, you owe the balance stated above. Because this balance may be accruing interest, the amount do on the day you pay may be greater. Hence, if you wish to pay in full please contact us at our toll-free number for a current balance due on the day you pay.

**Please be advised that we are acting in our capacity as a debt collector and at this time no attorney with our law firm has personally reviewed the particular circumstances of your account.**

**This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.**

Please contact our office by calling 1-888-201-6643 to discuss your account.

Very truly yours,

The Law Office of Kevin Z. Shine, PLLC

### SEE THE REVERSE SIDE FOR REQUIRED STATE COMPLIANCE INFORMATION.

DM1P

• 5965 Transit Road • Suite 500 • East Amherst, NY 14051 • www.kzslaw.com

2369.11917

## IMPORTANT NOTICE OF RIGHTS

*We are required under state and/or federal law(s) to notify consumers of certain rights. This list does not include a complete list of rights consumers may have under state or federal laws or regulations.*

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** For information about the Colorado Fair Debt Collection Practices Act, see http://www.coloradoattorneygeneral.gov/ca. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of time after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office Location: 5965 Transit Road, Suite 500, East Amherst, NY 14051. Phone: 888-201-6643 Business hours: 8:00am – 8: 00pm Monday through Friday Eastern Time

**In Massachusetts:** Office Location: 5965 Transit Road, Suite 500, East Amherst, NY 14051. Phone: 888-201-6643 Business hours: 8:00am – 8: 00pm Monday through Friday Eastern Time. Massachusetts law requires that we inform you:

### NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**In Texas:** Office Location: 5965 Transit Road, Suite 500, East Amherst, NY 14051. Phone: 888-201-6643 Business hours: 8:00am – 8: 00pm Monday through Friday Eastern Time.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

*Federal Law or other state laws may also provide you with similar or even greater rights.*

### IMPORTANT INFORMATION ABOUT CREDIT REPORTING
Our clients may report information about your account to credit bureaus.

**The Law Office of Kevin Z. Shine, PLLC reserves the right to monitor and/or record telephone calls for training, quality, and compliance purposes including calls originated by, or made to, The Law Office of Kevin Z. Shine, PLLC. Calling into The Law Office of Kevin Z. Shine, PLLC or accepting a call from The Law Office of Kevin Z. Shine, PLLC Constitutes permission to record the telephone conversation.**

### Payment Instructions For Western Union Quick Collect
For your convenience in paying by Western Union, Please note the following instructions, if applicable:
(1) Call Western Union at 1-800-325-6000 to locate the Western Union agent closest to you.
(2) Obtain Quick Collect payment form from your Western Union agent. Fill out the Quick Collect payment form completely. Make it payable to Collect America. The code city and state is **CALAND, CO** and the account number will be **your account number** found on the front of this letter.
(3) Give the agent the completed Quick Collect form, the payment amount, and the transaction fee (presently $12.95) required and payable to Western Union in cash.
You will receive a receipt from the Western Union agent with a ten-digit control number. This number is proof that the money was sent. Please retain that receipt for your records.

The Law Office of Kevin Z. Shine, PLLC 5965 Transit Road, Suite 500, Amherst, NY 14051
Phone 1-888-201-6643